**GRAND TRUNK WESTERN RAILROAD COMPANY,**
**Plaintiff,**

v.

**TOWN OF MERRILLVILLE, et al., Defendants.**

**Civ. No. H87–101.**

United States District Court, N.D. Indiana, Hammond Division.

Oct. 12, 1989.

**1206**

Robert J. Konopa, Joseph V. Simeri, Butler, Simeri, Konopa & Laderer, South Bend, Ind., for plaintiff.

Kathryn D. Schmidt, Fred M. Cuppy, Merrillville, Ind., for defendants.

## ORDER

LOZANO, District Judge.

This matter is before the Court on plaintiff, Grand Trunk Western Railroad Company's (Grand Trunk) Motion for Summary Judgment. For the reasons set forth herein, the Motion for Summary Judgment is GRANTED and this case is ORDERED DISMISSED.

## PROCEDURAL BACKGROUND

Plaintiff, Grand Trunk, is a railroad incorporated under the laws of the States of Michigan and Indiana. Grand Trunk's main line courses a route from Michigan to Illinois and through the State of Indiana, including Lake County, Indiana and the Town of Merrillville, Indiana. Defendants are the Town of Merrillville and members of the Board of Trustees (Board) of the Town of Merrillville, Indiana.[1]

On or about November 11, 1986, the defendants, sitting as the Board, enacted Ordinance No. 86–21 which seeks to limit the speed of trains travelling through Merrillville, Indiana. Ordinance No. 86–21 provides in relevant part:

It shall be unlawful for any person in charge of, or operating a railroad engine, car, or train of cars in the line of any railroad, to run or operate, or permit the same to be run or operated, across or along any street lying within the Town, at a speed greater than 20 m.p.h. through any crossing not protected by automatic flasher signal warning devices; and at such crossings having such warning devices, the speed of trains shall not be in excess of 35 m.p.h. The provisions of this section, relating to the speed of trains at the street crossings, shall not apply to any street railroad crossing, having a grade separation, or where any such railroad crossing is protected by automatic gates.

On or about December 11, 1986, Ordinance No. 86–21 was served upon counsel for Grand Trunk.

Thereafter, on February 11, 1987, Grand Trunk filed a Complaint against defendants alleging that passage of Ordinance No. 86–21 is invalid and ineffective. Grand Trunk alleges that Ordinance No. 86–21:

(1) violates Art. IV, Cl. 2, the supremacy clause of the United States Constitution and the subject of Ordinance No. 86–21 has been pre-empted by the Federal Railroad Safety Act, 45 U.S.C. § 421, et seq.; or

(2) constitutes an undue burden on interstate commerce in violation of Art. I, Sec. 8, of the United States Constitution; or

(3) violates substantive due process under the Constitutions of the United States and the State of Indiana in that it is an unreasonable exercise of the Town of Merrillville's police power, with no substantial relationship to any legitimate purpose of the Town of Merrillville; or

(4) violates the Equal Protection clause of the United States Constitution because it discriminates in favor of passenger transportation by bus and freight transportation by truck; or

---

1. The members of the Board of Trustees of the Town of Merrillville named as defendants in this lawsuit are Albert S. Wirtes, Rose Ann Antich, Roger A. Chiabai, John Petalas, Michael Mokol, William Kurtis, and Jeffrey F. Gunning. These defendants are being sued in their official capacity as members of the Board of Trustees.

(5) prevents plaintiff's beneficial use of its property, thereby constituting the taking of property without just compensation in violation of the V and XIV Amendments to the United States Constitution; or

(6) compelling compliance with the Ordinance would conflict with plaintiff's ability to comply with federal laws and regulations; or

(7) on its face, the Ordinance is unreasonable.

(Plaintiff's Complaint, at pp. 3–4.)

Plaintiff has reasserted these same grounds in its Motion for Summary Judgment. Defendants have filed a response to the summary judgment motion and this matter is now ripe for ruling.

ANALYSIS

The Federal Railroad Safety Act (FRSA), 45 U.S.C. § 421, et seq., specifically § 434 of the FRSA has been interpreted as a declaration of Congressional intent to pre-empt state law in the entire area of railroad safety. *Consolidated Rail Corp. v. Smith*, 664 F.Supp. 1228, 1236 (N.D.Ind. 1987); *Johnson v. Southern RR Co.*, 654 F.Supp. 121 (W.D.N.C.1987). Section 434 of the FRSA provides:

> The Congress declares that laws, rules, regulations, orders, and standards relating to railroad safety shall be nationally uniform to the extent practicable. The state may adopt or continue in force any law, rule, regulation, order or standard relating to railroad safety until such time as the Secretary has adopted a rule, regulation, order, or standard covering the subject matter of such state requirement. The state may adopt or continue in force an additional or stringent law, rule, or regulation, order, or standard relating to railroad safety when necessary to eliminate or reduce an essentially local safety hazard, and when not incompatible with any federal law, rule, regulation, order, or standard, and when not creating an undue burden on interstate commerce.

45 U.S.C. § 434. In the last two sentences of § 434, Congress authorized two specific exceptions from the rule of national uni-

formity. Ordinance 86–21 enacted by the Town of Merrillville is not supported by either exception. See generally, *Smith*, 664 F.Supp. 1228; *Lara v. National RR Passenger Corp.*, No. H85–697 (N.D.Ind., May 27, 1986, unreported) [available on WESTLAW DCT Database, 1986 WL 15725]; *Santini v. Consolidated Rail Corp.*, 505 N.E.2d 832 (Ind.App.1987).

As to the first of these exceptions, "[t]he Secretary of Transportation has enacted regulations covering train speeds in 49 C.F.R. § 231.–9(a). The more stringent local ordinances cannot co-exist with the federal regulation." *Smith*, 664 F.Supp. at 1236. Therefore, Ordinance No. 86–21 cannot be supported as falling within the first exception created by Congress.

Moreover, enactment of Ordinance No. 86–21 by the Board of Trustees of the Town of Merrillville is not supported by the second exception. Ordinance No. 86–21 was not adopted by the State of Indiana. It is an Ordinance of a Town, adopted by the Town's Board of Trustees. "Section 434 and its legislative history speak only in terms of regulations by state; no authorization for legislation is given local governments like the Town of Merrillville." *Smith*, 664 F.Supp. at 1237, citing 1970, U.S.Code Cong. & Admin.News, 4104, 4108–09. Each court that has addressed the question before this Court has held that the language of § 434 does not permit local regulation. *Smith*, 664 F.Supp. at 1237, citing *Donelon v. New Orleans Terminal Co.*, 474 F.2d 1108, 1112 (5th Cir.1973), *cert. denied* 414 U.S. 855, 94 S.Ct. 157, 38 L.Ed.2d 105 (1973); *City of Cleveland v. Consolidated Rail Corp.*, 82 C.R.B. 2730 (Cleveland Mun.Ct., April 4, 1983, unreported); *Lara*, No. H85–697 (N.D.Ind. May 27, 1986, unreported); *Rawlins v. Chesapeake & Ohio RR Co.*, No. 83–3623–NI–V (Berrien Cty., Mich. Circuit Ct., January 13, 1986, unreported); *Baltimore & Ohio RR Co. v. City of Piqua, Ohio*, No. C–3–85–312 (S.D. Ohio, June 30, 1986, unreported) [available on WESTLAW DCT Database, 1986 WL 8254]. Accordingly, Ordinance No. 86–21 is pre-empted by federal law and must be declared null and void because the

**1208**

Town of Merrillville is without authority to create such an ordinance. Accord, *Smith,* 664 F.Supp. 1228; *Johnson,* 654 F.Supp. 121; *Santini,* 505 N.E.2d 832.

Therefore, IT IS ORDERED that:

1. The Town of Merrillville's Ordinance No. 86–21 is hereby declared to be null and void;

2. The defendants are permanently enjoined from enforcing Ordinance No. 86–21 against the plaintiff, Grand Trunk Western Railroad Company.